UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH LEE,<br><br>                                  Plaintiff,<br>    vs.<br>DEL MAR THOROUGHBRED CLUB, a California Corporation,<br><br>                                Defendant. | CASE NO. 12cv826-WQH-BLM<br><br>ORDER |

HAYES, Judge:

      The matter before the Court is the Motion to Amend Complaint. (ECF No. 35).

## BACKGROUND

      On April 4, 2012, Plaintiff initiated this action by filing a Complaint against Defendant in this Court. (ECF No. 1). The Complaint seeks damages "for taking retaliatory action against Plaintiff with regards to Plaintiff's filing of a claim for damages under the Americans with Disabilities Act." *Id.* at 1.

      On August 2, 2012, the Court granted a motion to withdraw filed by Plaintiff's former counsel. (ECF No. 13). On October 31, 2012, the Court granted Plaintiff's motion to allow Plaintiff to proceed pro se. (ECF No. 17).

      On December 5, 2012, the Magistrate Judge issued a scheduling order which stated that any motion to amend the pleadings shall be filed on or before January 7, 2013. (ECF No. 25 at 1).

      On December 26, 2012, the Court granted Plaintiff's request for substitution of counsel, approving new counsel to proceed as Plaintiff's counsel in this case. (ECF No. 26).

      On January 7, 2013, Plaintiff filed a First Amended Complaint without seeking leave of Court. (ECF No. 32).

1  On January 17, 2013, the Court ordered the First Amended Complaint to be stricken for failure to seek leave of Court as required by Federal Rule of Civil Procedure 15(a)(2). (ECF No. 33). The Court stated that "[a]ny motion for leave to file a first amended complaint shall be filed no later than ten (10) days from the date of this Order." *Id*. at 2.

On January 27, 2013, Plaintiff filed the Motion to Amend Complaint with a proposed first amended complaint attached. (ECF No. 35). The proposed first amended complaint adds new defendants (the State of California, the "22d Agricultural District," and Does 1 through 50), and contains four separate causes of action alleging violation of the Americans with Disabilities Act, retaliation for filing an Americans with Disabilities Act claim, violation of the Unruh Civil Rights Act, and violation of the California Disabled Persons Act. (ECF No. 35-3 at 3). Plaintiff contends that his delay in seeking amendment is attributable to the withdrawal of his prior counsel and his difficulty in obtaining new counsel. Plaintiff contends that the newly added parties are indispensable parties to this litigation.

On February 15, 2013, Defendant filed a response in opposition to the Motion to Amend Complaint. (ECF No. 37). Defendant contends that the motion was made after the January 7, 2013 deadline for amending the pleadings in the scheduling order and thus the liberal policy regarding amendment of pleadings no longer applies. Defendant contends that if the amendment is granted, Defendant will be prejudiced by delaying resolution of the case and requiring Defendant "to respond and continue to defend unmeritorious causes of action." *Id*. at 7.

## DISCUSSION

Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In determining whether to allow an amendment, a court considers whether there is "undue delay," "bad faith," "undue prejudice to the opposing party," or "futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Smith v. Pac. Prop. Dev. Co.*, 358 F.3d 1097, 1101 (9th Cir. 2004) (citing the *Forman* factors). "Not all of the [*Foman*] factors merit equal weight.... [I]t is the consideration of prejudice to the opposing party that carries the

1  greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citation omitted). "The party opposing
2  amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d
3  183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman*
4  factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend."
5  *Eminence Capital*, 316 F.3d at 1052.

6  Defendant contends that consideration of the Motion to Amend Complaint should be governed by Federal Rule of Civil Procedure 16, which provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In the Court's January 17, 2013 Order striking the First Amended Complaint, the Court modified the scheduling order by permitting Plaintiff to file a motion for leave to file a first amended complaint no later than ten days from the date of the Order. (ECF No. 33). The Court finds that good cause existed for this modification because Plaintiff had made a good faith attempt to comply with the scheduling order by filing the First Amended Complaint on January 7, 2013. The Court finds that the requirements of Rule 16(b)(4) have been satisfied.

15  In considering the *Foman* factors pursuant to Rule 15(a), the Court finds that leave to amend should be granted. Any minor delay or prejudice to Defendant is not sufficient to overcome the "*presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052. To the extent Defendant challenges the merits of the proposed first amended complaint, the Court defers consideration of the merits until after Plaintiff files the amended pleading. *See Netbula v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003) ("Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.").

23  IT IS HEREBY ORDERED that the Motion to Amend Complaint is GRANTED. (ECF No. 35). No later than ten (10) days from the date this Order is filed, Plaintiff may file the proposed first amended complaint which is attached to the Motion to Amend Complaint.

26  DATED: April 23, 2013

*[signature]*
**WILLIAM Q. HAYES**
United States District Judge