UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH LEE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DEL MAR THOROUGHBRED CLUB,<br><br>　　　　Defendant. | Case No. 12CV826-WQH (BLM)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION AND MOTION TO DISMISS**<br><br>**[ECF Nos. 44 & 45]** |

Currently before the Court is Defendant's March 28, 2013 Motion for Reconsideration of the Court's March 26, 2013 Order and Request for Additional Monetary Sanctions to Enforce Compliance [ECF No. 44 ("Def.'s Mot.")], Defendant's Motion to Dismiss [ECF No. 45 ("MTD")], Plaintiff's April 17, 2013 opposition to the Motion to Dismiss [ECF No. 46 ("MTD Oppo.")], Plaintiff's April 18, 2013 opposition to the Motion for Reconsideration [ECF No. 48 ("MFR Oppo.")], and Defendant's April 22, 2013 replies to Plaintiff's opposition to the Motion to Dismiss [ECF No. 52 ("MTD Reply")] and opposition to the Motion for Reconsideration [ECF No. 53 ("MFR Reply")].

For the reasons set forth below, Defendant's motions are **DENIED**.

## **BACKGROUND**

On April 4, 2012, Plaintiff, Joseph Lee, filed a complaint in this Court alleging retaliation in violation of the Americans With Disabilities Act ("ADA"), Unruh Civil Rights Act, and California

Disabled Persons Act. ECF No. 1. Plaintiff claims that Defendant is retaliating against him due to a previous lawsuit that he brought against Defendant in 2011 (Case No. 11cv459-WQH (BLM)). Id. at 1. The previous lawsuit concerned Plaintiff's ability to park in designated handicapped accessible parking spaces and was settled on a confidential basis. Id. at 2. The parking spaces are again at issue in the instant matter. Id. Plaintiff states that "as a direct and proximate result of Defendant's actions in redesigning the parking spaces, Plaintiff can no longer park in a space that would give him close access to Defendant's facility." Id. Defendant answered the complaint on May 22, 2012 [ECF No. 5] and the Court held an Early Neutral Evaluation ("ENE") on July 2, 2012. ECF No. 9.

On November 19, 2012, Plaintiff contacted chambers via email to request that the November 26, 2012 deadline to lodge a joint discovery plan with chambers be continued. ECF No. 20. In support, Plaintiff stated that he did not receive the Court's November 2, 2012 Order Directing Rule 26 Compliance and Setting Case Management Conference [ECF No. 18] until November 16, 2012, when opposing counsel provided him with a copy during their meet and confer. ECF No. 20. The request was denied by the Court as Plaintiff failed to properly file the request and because Plaintiff admitted to having received the order setting the deadline which was mailed to his correct address and provided to him by opposing counsel. Id. Defendant filed its Initial Disclosures on November 26, 2012 and filed a motion to dismiss with a January 7, 2013 hearing date in front of Judge William Q. Hayes on November 30, 2012. ECF Nos. 21 & 22. The Court held a telephonic CMC on December 5, 2012 [ECF Nos. 24 & 25] and Plaintiff filed a motion to substitute counsel (Mr. Craig Castle) on December 14, 2012 [ECF No. 26] that was granted on December 26, 2012 [ECF No. 27].

On January 2, 2013, Plaintiff filed an *Ex Parte* Motion to Continue Hearing of Defendant's Motion to Dismiss. ECF No. 28. On January 3, 2013, Judge William Q. Hayes referred the pending Motion to Dismiss [ECF No. 22] and *Ex Parte* Motion to Continue Hearing of Defendant's Motion to Dismiss [ECF No. 28] to Magistrate Judge Barbara L. Major. ECF No. 30. The Court granted the continuance on January 7, 2012 [ECF No. 31] and on February 25, 2013, entered an Order granting in part and denying in part Defendant's motion. ECF No. 38. In that order,

the Court denied Defendant's request to dismiss the case or to preclude Plaintiff from introducing evidence on certain matters, but granted Defendant's request for monetary sanctions. Id. at 5-7. Specifically, the Court ordered Plaintiff to pay Defendant $2,035.00 by March 18, 2013 and to file a Notice of Payment with the Court by March 22, 2013. Id. at 7. Plaintiff was warned that "[f]ailure to pay said sum may result in the imposition of additional sanctions." Id.

On March 22, 2013, Plaintiff filed an *Ex Parte* Motion to Extend Time to Make Payment of Monetary Sanctions. ECF No. 40. Plaintiff sought an additional 120 days to comply with the Court's order due to financial hardship. Id. at 3. The Court granted Plaintiff's motion on March 25, 2013. Shortly after the order issued, defense counsel contacted the Court and stated that she was completing an opposition to Plaintiff's motion that she planned to file and the chamber's law clerk stated that was acceptable. The next day, Ms. Pat Cartwright called from defense counsel's office to obtain a hearing date for the opposition. The chamber's law clerk provided Ms. Cartwright with a hearing date and informed her that at this point, Defendant needed to file a motion for reconsideration instead of an opposition. Ms. Cartwright indicated that she understood, but instead of filing a motion for reconsideration, Defendant filed an opposition/motion to dismiss on March 26, 2013. ECF No. 42; Def.'s Mot. at 4. The Court issued an order striking Defendant's opposition/motion to dismiss and setting a deadline to file a motion for reconsideration as instructed and/or a motion to dismiss. ECF No. 43.

Defendant timely file a motion for reconsideration and motion to dismiss on March 28, 2013. Def.'s Mot. & MTD.

I.  **MOTION FOR RECONSIDERATION**

### Legal Standard

Pursuant to Local Rule 7.1(i)(1), a party may apply for reconsideration "[w]henever any motion or any application for any order or other relief has been made to any judge and has been refused in whole or in part...." S.D. Cal. Civ.L.R. 7.1(i). The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." Id. Local Rule 7.1(i)(2) permits motions for reconsideration within "twenty-eight (28) days of the entry of the ruling." Additionally, pursuant

to Federal Rule of Civil Procedure ("FRCP") 59(e), a party may file a "motion to alter or amend a judgment . . . no later than 28 days after the entry of the judgment."

### Discussion

In the motion for reconsideration, Defendant complains that it did not have an opportunity to oppose Plaintiff's *ex parte* motion to extend time to pay the monetary sanctions imposed by the Court. Def.'s Mot. at 5. The Court finds this to be an acceptable basis for a motion for reconsideration. However, after considering Defendant's objections to Plaintiff's request to extend time, the Court confirms its March 25th order.

Defendant argues that Plaintiff should not be granted additional time to pay the monetary sanction imposed by the Court because Plaintiff's *ex parte* motion was untimely in that the sanction was to be paid by March 18, 2013 and Plaintiff's motion was not filed until March 22, 2013. Id. at 6. Defendant also disputes Plaintiff's claims that Plaintiff did not understand that Plaintiff personally had to pay the fine and Plaintiff does not have the financial resources to pay the fine within the allotted time period. Id. at 6-7. In support of this position, Defendant argues that Plaintiff had a lawyer who should have explained the sanction to Plaintiff and Plaintiff does have the resources to pay the fine because Plaintiff gambles at the Del Mar Racetrack on a regular basis. Id. Defendant also seeks an additional monetary sanction of $2,035 for the costs Defendant incurred in filing the instant motion for reconsideration. Id. at 8.

Plaintiff responds that Defendant's motion "does not present any new facts to justify reconsideration of the motion." MFR Oppo. at 8. In its reply, Defendant argues that the Court should not consider Plaintiff's opposition to the motion for reconsideration because it was untimely. MFR Reply at 1. In support, Defendant states that Plaintiff's opposition was due on April 15, 2013, but not filed until April 18, 2013. Id. at 1-2.

While Plaintiff's motion to obtain additional time to pay the monetary sanction was filed several days after the deadline to pay the sanction, the Court still finds it appropriate to give Plaintiff the additional time to pay the monetary sanction. In Plaintiff's request, Plaintiff explained that he is "a 65 year old retired, disabled combat service-connected United States Marine Corps Vietnam Veteran [who has] been diagnosed with and suffer[s] from cervical

myelopathy, Spinal Cord injuries, partial paralysis in the right side of [his] body, and other ailments that significantly impair [his] ability to walk without a mobility aid [and who has] been determined to be totally disabled by the federal and state government." Declaration of Joseph Lee, ECF No. 40-1 at 2. Plaintiff provided information regarding his income and expenses and stated that given his financial situation, the court's order "creates an undue hardship for me as I do not have the economic resources to pay said sum within the allotted time." Id.

Given that Plaintiff is not disputing that he has the ability to pay the sanction, only that he did not have the ability to pay the sanction within the limited amount of time originally provided by the Court, the Court finds that Defendant's arguments do not change the Court's original decision that it was appropriate to give Plaintiff additional time to pay the court-imposed sanction. Accordingly, the Court **DENIES** Defendant's motion for reconsideration and **CONFIRMS** the order dated March 25, 2013 [ECF No. 41] requiring Plaintiff to pay the $2035.00 sanction to Defendant by **July 16, 2013.** The Court also **DENIES** Defendant's motion for additional monetary sanctions based upon the costs incurred by Defendant in filing the motion for reconsideration.

## II.   MOTION TO DISMISS

In its latest motion to dismiss, Defendant argues that dismissal of the entire case is appropriate due to Plaintiff's "numerous violations of this Court's orders." MTD at 4.  In support of this statement, Defendant argues that plaintiff has violated this Court's Order on **three** occasions thus far (failure to file timely Initial Disclosure twice and failure to pay Court-ordered sanctions)." Id. (emphasis in original). Plaintiff responds by stating that his counsel's failure to timely reply was "a result of his mistake, inadvertence and/or excusable neglect" and that Plaintiff should not be penalized "for the carelessness of [his] counsel." MTD Oppo. at 3-5. Plaintiff further states that dismissing Plaintiff's case for not timely complying with the Rule 26 Order would "be tantamount to a miscarriage of justice." Id. at 6.

In its reply, Defendant argues that the Court should not consider Plaintiff's opposition to the motion to dismiss because it was filed two days late on April 17, 2013 and "robbed

[Defendant of] three days of time" to prepare its reply.[1] MTD Reply at 2.

## Legal Standard

The Federal Rules of Civil Procedure state that a defendant may move for dismissal of an action or claim for a plaintiff's failure "to prosecute or to comply with [the Federal Rules] or a court order. . . . Unless the dismissal order states otherwise, a dismissal under this subdivision(b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). Further, under Rule 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." In addition to disallowing the use of that evidence, "the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions," including "(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi) & 37(c)(1)(A-C).

Dispositive sanctions such as dismissal of the complaint are "authorized only in extreme circumstances and only where the violation is due to willfulness, bad faith, or fault of the party." In re The Exxon Valdez, 102 F.3d 429, 432 (9th Cir. 1996) (quoting United States v. Kahaluu Const., 857 F.2d 600, 603 (9th Cir. 1988)). In determining whether to issue a default or dismissal of a party's action pursuant to Rule 37(b) or 41(b), the Court must consider the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the

---

[1] Defendant did not file a motion seeking additional time to file its reply in light of Plaintiff's untimely opposition. See Docket.

court's need to manage its dockets; (3) the risk of prejudice to the [party seeking sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Computer Task Group, Inc. v. Brotby, 364 F.3d 1112, 1115 (9th Cir. 2004) (quoting Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987)); see also Pagtalunan v. Galaza, 291 F. 3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F. 2d 1258, 1260 ((9th Cir. 1992)). This test is a disjunctive balancing test, so not all five factors must support dismissal. See Bolden v. Los Angeles County Sheriff, 2008 WL 1969230, *4 (C.D. Cal. April 30, 2008) (citing Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998)) (explaining that dismissal is appropriate when four factors support dismissal or where three factors "strongly" support dismissal). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." Stars' Desert Inn Hotel & Country Club, Inc. V. Hwang, 105 F. 3d 521, 524 (9th Cir. 1997).

### Discussion

Plaintiff acknowledges that he failed to comply with the initial disclosure deadline but correctly states that he already was sanctioned for that failure and that the Court determined dismissal was not an appropriate sanction. MTD Oppo. at 2. With regard to the second initial disclosure deadline, Plaintiff's counsel explains that he inadvertently miscalendared the deadline and therefore the disclosures were 3 days late. Id. at 4. Counsel argues that the missed deadline was inadvertent and/or excusable neglect and does not warrant dismissal of the pending case. Id. at 3-7. With regard to the failure to timely pay the monetary sanction, Plaintiff argues that Plaintiff did not have the ability to pay and the Court granted his motion seeking additional time to pay the sanction so he currently is not in violation of a Court order. Id. at 2-3.

As stated above, dismissal of the complaint is only permitted in extreme circumstances and only where the violation is due to "willfulness, bad faith, or fault of the party." In re The Exxon Valdez, 102 F.3d at 432. After considering the five factors, the Court finds that dismissal is not appropriate in this case. As is typical, here, the first two factors support dismissal since

dismissal would result in the expeditious resolution of the litigation result and support the Court's need to manage its docket. However, the remaining three factors do not support dismissal. As in most cases, public policy favors disposition of this case on the merits. With regard to the third and fifth factors, Defendant has not been prejudiced by Plaintiff's failures and less drastic sanctions are available. Specifically, with regard to Plaintiff's initial failure to timely provide initial disclosures, the Court determined that a monetary sanction, rather than dismissal, was the appropriate resolution and the Court stands by that determination. See ECF No. 38. With regard to the second deadline for initial disclosures, Plaintiff's submission was only three calendar days or one court day late. With regard to the failure to timely pay the court-ordered sanctions, Plaintiff's motion for additional time was only four days late and was filed on the day Plaintiff was required to file his notice of payment. While untimely, neither of these short delays prejudiced Defendant and the alleged violations, even considered with the initial failure to provide initial disclosures, do not constitute a repeated failure to comply with court orders justifying dismissal of the instant case. See Carrillo v. City of Fresno, 2007 WL 1574949 (E.D. Cal. May 30, 2007) (denying Defendants' request for reconsideration of the order denying Defendants' motion to dismiss the action for Plaintiff's failure to comply with discovery and court orders imposing monetary sanctions where: (1) Plaintiff did not respond to defense counsel's correspondence about discovery, failed to participate in preparing the joint scheduling report, twice did not comply with court orders to provide initial disclosures, provided incomplete and belated document production responses, and untimely paid his $740.00 sanction; (2) Plaintiff's conduct was not outside of his control; and (3) Defendants failed to show that they were prejudiced by Plaintiff's failure to timely comply with discovery procedures and court orders). In addition, the Court imposed monetary sanctions for Plaintiff's initial discovery violation and finds that that sanction was appropriate and sufficient. With regard to the two subsequent violations, each consisting of only a several day delay in compliance, the Court finds that no sanction is necessary or appropriate given the facts of the instant case. After considering all of the relevant facts and weighing all of the factors, the Court finds that dismissal is not appropriate or warranted.

In addition, with respect to Plaintiff's failure to pay his Court-ordered monetary sanction,

Plaintiff filed a declaration stating that he was unable to pay the sanction within the short time period ordered by the Court. ECF No. 40-1, Declaration of Joseph Lee at 1-3. Plaintiff supported his statement by stating that he makes $3,152.00 per month and has living expenses of $2,800.00 per month. Id. at 2. There is no evidence of bad faith on the part of Plaintiff in failing to pay the sanction on March 18, 2013 and the Court declines to consider this failure sufficient for dismissal even when considered with Plaintiff's other failures. To dismiss the case due to Plaintiff's inability to pay his sanction in the time frame initially set by the Court would be improper. See Thomas v. Gerber Productions, 703 F.2d 353, 356 (9th Cir.1983) (reversing order of dismissal in action where District Court abused its discretion by imposing a requirement that the Court had been informed could not be performed (a $750.00 sanction), and then dismissing Plaintiff's case when he did not have the ability to pay the sanction and there was no evidence of bad faith in his refusal to pay).

Accordingly, the Court **DENIES** Defendant's second motion to dismiss.

**IT IS SO ORDERED.**

DATED:  May 6, 2013

BARBARA L. MAJOR
United States Magistrate Judge