FILED

14 AUG -8 PM 12: 51

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: ___DS___ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH LEE,<br><br>                Plaintiff,<br>vs.<br><br>DEL MAR THOROUGHBRED CLUB, a California Corporation; STATE OF CALIFORNIA, 22ND AGRICULTURAL DISTRICT; AND DOES 1 through 50, inclusive,<br><br>                Defendant. | CASE NO. 12cv826-WQH-BLM<br><br>ORDER |

HAYES, Judge:

    The matters before the Court are (1) the Motion to Reconsider Court Order Granting Defendants' Motion for Summary Judgment ("Motion to Reconsider"), filed by Plaintiff Joseph Lee (ECF No. 96) and (2) the Motion for Attorneys' Fees, filed by Defendants Del Mar Thoroughbred Club ("DMTC") and State of California, 22nd Agricultural District ("District") (ECF No. 90).

## I. Background

    Plaintiff, who suffers from partial paralysis, filed an action in this Court against DTMC in 2011 alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*; the Unruh Civil Rights Act, Cal. Civ. Code §§ 51, *et seq.*; and the California Disabled Persons Act, Cal. Civ. Code §§ 54, *et seq. See* S.D. Cal.

Case No. 11cv459-WQH-BLM, ECF No. 1. On May 17, 2011, this Court granted a joint motion to dismiss the action with prejudice.

On April 4, 2012, Plaintiff initiated the above-captioned action against DMTC in this Court. (ECF No. 1). On May 2, 2013, Plaintiff filed a First Amended Complaint, naming DMTC and the District as Defendants. (ECF No. 55). In the First Amended Complaint, Plaintiff alleged that, after settling his prior lawsuit with DMTC, the handicapped spaces near the Del Mar Race Track entrance were modified and re-configured. Plaintiff alleged that the reconfigured handicapped parking spaces made it impossible for Plaintiff's 22-foot vehicle to fit in a space. Plaintiff alleged the following causes of action against each Defendant: (1) violation of the ADA by "denying Plaintiff the use of disabled accessible parking spaces"; (2) retaliation in violation of the ADA for "modifying existing ADA-compliant parking facilities in a manner to specifically exclude Plaintiff and his vehicle from being able to park in the handicapped parking spaces"; (3) violation of the Unruh Civil Rights Act by discriminating against Plaintiff "in respect to provision of handicapped parking"; and (4) violation of the Disabled Persons Act by discriminating against Plaintiff "in respect to provision of handicapped parking." *Id.* ¶¶ 14, 17, 22, 25.

On April 17, 2014, the Court granted Defendants' Motion for Summary Judgment as to each of the claims in the First Amended Complaint. (ECF No. 88). The Court found that Defendants satisfied their initial summary-judgment burden of showing an absence of evidence to support Plaintiff's claims. The Court found that Plaintiff failed to produce admissible evidence demonstrating a genuine issue of material fact as to any of Plaintiff's claims.

On April 29, 2014, Defendants filed the Motion for Attorneys' Fees. (ECF No. 90). On May 14, 2014, Plaintiff filed an opposition to the Motion for Attorneys' Fees. (ECF No. 93). On May 15, 2014, Plaintiff filed the Motion to Reconsider the Court's April 17, 2014 Order granting summary judgment. (ECF No. 96). On May 21, 2014, Defendants filed an opposition to the Motion to Reconsider. (ECF No. 100).

## I. Motion to Reconsider

### A. Contentions of the Parties

Plaintiff contends that the Court's ruling granting summary judgment constitutes clear error and is manifestly unjust. Plaintiff contends that the opinions of Defendant's expert witness were conclusory and improper. Plaintiff contends that the Court committed clear error by not finding triable issues "as to whether ... it was or is proper, feasible and/or required for Defendants to make an allowance for Plaintiff's 22-foot Supervan." *Id.* at 7.

Defendants contend the Motion to Reconsider raises arguments that the Court has already considered and properly rejected. Defendants request that the Motion to Reconsider be stricken pursuant to Federal Rule of Civil Procedure 12(f) and Plaintiff be sanctioned pursuant to Federal Rule of Civil Procedure 11 for filing the Motion to Reconsider.

### B. Discussion

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters. Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quotation omitted). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quotation omitted).

After review of the Motion to Reconsider and the other filings in this case, the Court concludes that Plaintiff does not present newly-discovered evidence, does not establish that the Court committed clear error in the April 17, 2014 Order granting summary judgment, and does not point to an intervening change in the law. Accordingly, the Motion to Reconsider is denied. Defendants' request for sanctions is denied for failure to comply with the requirements of Federal Rule of Civil Procedure 11(c)(2).

## II. Motion for Attorneys' Fees

### A. Contentions of the Parties

Defendants contend that, pursuant to California Civil Code § 55 and *Jankey v. Lee*, 55 Cal. 4th 1038 (Cal. 2012), they are entitled to reasonable attorneys' fees because they are the prevailing parties in a suit alleging violations of the Disabled Persons Act. Defendants also contend that they are entitled to an award of attorneys' fees pursuant to the ADA, 42 U.S.C. § 12205, because Plaintiff's lawsuit was frivolous, unreasonable, and/or without foundation.

Plaintiff contends that he pursued a non-frivolous claim in good faith, and therefore Defendants may not recover attorneys' fees pursuant to the ADA. Plaintiff contends that, in accordance with the decision of the Court of Appeals for the Ninth Circuit in *Hubbard v. SoBreck*, 554 F.3d 742 (9th Cir. 2008), Defendants may not recover attorneys' fees pursuant to state law because fees are not recoverable pursuant to the ADA.

### B. Discussion

The ADA provides for a discretionary award of attorneys' fees to the prevailing party. *See* 42 U.S.C. § 12205. The Ninth Circuit has held that attorneys' fees may only be awarded to a prevailing defendant in an ADA action where the plaintiff's claims are frivolous, unreasonable, or without foundation. *See Summers v. Teichert & Son, Inc.*, 127 F.3d 1150, 1154 (9th Cir. 1997); *see also Hubbard*, 554 F.3d at 744. California Civil Code § 55 provides that "[t]he prevailing party in [a Disabled Persons Act action] shall be entitled to recover reasonable attorney's fees." In *Hubbard*, the Ninth Circuit held that the ADA preempts California Civil Code § 55 in actions where nonfrivolous ADA claims parallel nonfrivolous Disabled Person Act claims. *See Hubbard*, 554 F.3d at 742.

After a review of the record, the Court declines to find that Plaintiff's action was frivolous, unreasonable, or without foundation. *See Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n*, 434 U.S. 412, 421-22 (1978) ("[I]t is important that

a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation.... Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit."). Accordingly, the Court denies Defendants' motion for fees pursuant to the ADA. Because the ADA claims parallel the state law claims, the Court denies Defendants' motion for fees pursuant to California Civil Code § 55. *See Hubbard*, 554 F.3d at 742.

### III. Conclusion

IT IS HEREBY ORDERED that the Motion to Reconsider (ECF No. 96) is DENIED, and the Motion for Attorneys' Fees (ECF No. 90) is DENIED.

Dated: 8/7/14

WILLIAM Q. HAYES
UNITED STATES DISTRICT JUDGE